**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICARDO HUNTER,

                Petitioner,                        Case Number: 2:07-CV-11686

v.                                                  HONORABLE STEPHEN J. MURPHY, III

SHERRY BURT,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Ricardo Hunter, a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Michigan Department of Corrections' finding that he was guilty of a major misconduct violation. For the reasons set forth below, the Court denies the petition.

**I.**

On February 28, 2005, a Michigan Department of Corrections' staff member issued a Major Misconduct Report charging Petitioner with forgery in connection with the alleged falsification of time cards related to his prison job. The Misconduct Report alleged that, for the month of February 2005, Petitioner's card was punched and he was compensated for nine days, when he only worked three days. In addition, the Report alleged that Petitioner was punched in and compensated for every day in the month of January 2005, but had, in fact, only worked five days.

A hearing was conducted on March 21, 2005. Petitioner pleaded not guilty. Following a review of the record, including statements from two corrections officers and payroll records, the hearing officer found Petitioner guilty of forgery. *See* Major Misconduct Hearing Report, dated 5/21/05.

Petitioner filed a petition for judicial review in the Ingham County Circuit Court, challenging the hearing officer's decision. The Ingham County Circuit Court affirmed the hearing officer's decision. *Hunter v. Mich. Dep't of Corr.*, No. 06-274-AA (Ingham County Cir. Ct. May 24, 2006).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *Hunter v. Mich. Dep't of Corr.*, No. 271316 (Mich. Ct. App. Jan. 12, 2007).

Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the application was not accepted for filing because it was filed outside the 56-day time limit. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, 6/26/07.

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claim:

> The finding of guilt of the charge of forgery; possession of forged documents does not meet the criteria of PD 03.03.105, nor was it based on a preponderance of the evidence.

## II.

Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 410-11. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004).

Further, where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an

3

independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

### III.

Petitioner argues that he was deprived of due process of law because Michigan Department of Corrections' Policy Directive 03.03.105 requires decisions to be made based upon a "preponderance of the evidence" and a preponderance of the evidence did not support a finding of guilt in his case.

Respondent argues that Petitioner's claims are unexhausted because he did not present his claims to the Michigan Supreme Court. A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§ 2254(b)(1)(A) & 2254(c). A petitioner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Tornik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). To exhaust state court remedies for federal habeas review, state prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th

4

Cir. 1990). In this case, Petitioner failed to properly present his claim to the Michigan Supreme Court. Therefore, the claim is unexhausted.

A federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court). The Court has concluded that the petition does not warrant habeas corpus relief. Accordingly, in the interests of efficiency and justice, the Court will address the petition rather than dismiss it on the ground of failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Cain*, 947 F.2d at 819 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

An inmate's right to due process requires that, where a prison disciplinary proceeding may result in the loss of good time credits, the prison staff must comply with regulations governing disciplinary proceedings, and the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

In *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), the Supreme Court established the quantum of evidence necessary to satisfy due process requirements in the context of a prison disciplinary hearing:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.

>This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.

*Id.* at 455 (internal quotation omitted).

To determine whether this standard is satisfied, a district court need not examine the entire record, undertake an independent assessment of the credibility of witnesses, or weigh the evidence. *Id.* "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. "[D]ecisions of prison administrators that have some basis in fact" should not be set aside by a federal court on habeas review. *Id.* at 456.

In this case, the Court finds that the evidence relied upon by the hearings administrator was sufficient to satisfy the requirements imposed by the Due Process Clause. According to the Circuit Court's decision affirming the hearings administrator's finding of guilt, a major misconduct report was issued by Roger Dickinson in which Dickinson stated that, after reviewing Petitioner's time cards for January and February 2005, he noticed that Petitioner's time cards were punched for days on which Dickinson knew Petitioner had not worked. *Hunter*, slip op. at 2. The hearings officer, relying upon Dickinson's report, the supporting documentation, and Dickinson's supervisor's report, found Petitioner guilty of the misconduct. Petitioner was ordered to pay $72.76 in restitution and lost privileges for thirty days.

The Court concludes that the testimony of Dickinson and the time cards provided some basis in fact to support the hearing officer's finding of guilt. The fundamental fairness guaranteed by the Due Process Clause does not allow courts to set aside decisions of prison administrators that have some basis in fact. *Hill*, 472 U.S. at 456. Accordingly, the Court finds that the last state court to issue a reasoned opinion addressing Petitioner's claim, the Ingham

County Circuit Court, did not reach a decision that was contrary to or an unreasonable application of Supreme Court precedent when it affirmed the hearing officer's decision.

**IV.**

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA. *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

**V.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: October 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager